UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-23218-CIV-COOKE/TORRES

OTILIO APOLINARIO, and all others similarly   )
situated under 29 U.S.C. 216(b)                )
                                               )
            Plaintiff,                         )
     vs.                                       )
                                               )
TRITON SUPERMARKET # II CORP                   )
DOMINGO COCA                                   )
                                               )
            Defendants                         )
_____        )

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff Otilio Apolinaro and Defendants Triton Supermarkets #II and Domingo Coca, by and through undersigned Counsel, file this Joint Motion for Approval of the Parties' Settlement Agreement, and Dismissal with Prejudice. In support of this Motion, the Parties respectfully show this Court the following facts and law:

### Factual Background

1.  Plaintiff and Defendants have reached an amicable resolution in this matter. The terms of the agreement are set forth in the settlement agreement emailed to chambers.

2.  Plaintiff filed a complaint under the Fair Labor Standards Act (FLSA), which was later amended to include claims under the Florida Minimum Wage Act (FMWA), in which Plaintiff alleged that he was an employee of Defendants and that he was not properly paid overtime wages and minimum wages for his work.

3.  Defendants dispute Plaintiff's allegations and contend that Defendants are not subject to FLSA or FMWA and that Plaintiff was an independent contractor who received the

agreed upon payment for services provided, and therefore no minimum wages or overtime wages are owed to Plaintiff.

  4.  Although Defendants dispute Plaintiff's allegations, Defendants desire to come to an amicable resolution and resolve this matter.

### Memorandum of Law

Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350 (11th Cir. 1982), claims for wages arising under the FLSA may be settled or compromised only with the approval of the Court or Secretary of Labor. Pursuant to Lynn's Food, the Court's review of the parties' Agreement is to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

  1)  the existence of fraud or collusion behind the settlement;

  2)  the complexity, expense, and likely duration of the litigation;

  3)  the stage of the proceedings and the amount of discovery completed;

  4)  the probability of plaintiff's success on the merits;

  5)  the range of possible recovery; and

  6)  the opinions of the counsel.

*See, e.g., Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, 2007 U.S. Dist. LEXIS 10287 (M.D. Fla. Jan. 8, 2007). A court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton, supra*. *See, also Helms v. Central Fla. Reg. Hosp.*, 2006 U.S. Dist. LEXIS 92994 (M.D. Fla. Dec. 21, 2006).

The following factors show that this settlement is fair:

1) The Parties were represented by counsel who each have significant experience in the litigation of FLSA claims;

2) The settlement sum and the final Settlement Agreement were the subject of arms-length mediated negotiations;

3) This case was resolved following the exchange of written discovery requests and responses;

4) The Parties agree that the settlement provides Plaintiffs with a sum of money and additional terms (including a mutual general release) that provides consideration well above what the Plaintiffs could have recovered at trial;

5) There was no collusion, fraud, or any other inappropriate conduct by either Plaintiff or Defendants with respect to the settlement ultimately agreed upon;

6) The probability of success on the merits and length of future litigation weigh heavily in favor of this settlement, given that further litigation would be lengthy and expensive for all parties. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

The Parties, therefore, respectfully submit that their settlement agreement is consistent with the intent and purpose of the FLSA and the requirements of the Eleventh Circuit and, specifically, *Lynn's Food*. The Parties further represent to the Court that their settlement agreement includes every term and condition of the parties' settlement, and there are no side deals or other terms outside of those being provided to the Court for review.

Plaintiff and his counsel stipulate that the settlement is a reasonable compromise of his FLSA and FMWA claims in view of the numerous disputed issues of fact in this case, including

the status of Plaintiff as an independent contractor and the fact that Defendants may not be subject to the requirements of FLSA and FMWA. Based upon the foregoing, the parties further stipulate to and request the dismissal, with prejudice, of this action upon approval by the Court as requested above, and for the Court to retain jurisdiction to enforce the terms of settlement.

WHEREFORE, the Parties respectfully request that this Court enter an order approving the parties' settlement agreement and 2) dismissing this case with prejudice.

Respectfully submitted, this 9th day of April, 2015.

| | |
|---|---|
| /s/ Steven C. Fraser, | /s/ Lorenzo Cobiella |
| J. H. ZIDELL | Lorenzo Cobiella |
| Florida Bar No. 10121 | Florida Bar No. 65881 |
| STEVEN C. FRASER | The Cobiella Law Firm, P.A. |
| Florida Bar No. 625825 | 8105 NW 155th Street |
| J. H. Zidell, P.A. | Miami Lakes, Florida  33016 |
| 300 71st Street, Suite 605 | Telephone:  305-818-9993 |
| Miami Beach, Florida  33141 | Facsimile:  305-818-9994 |
| Telephone (305) 865-6766 | lcobiella@cobiellalaw.com |
| Facsimile (305) 865-7167 | *Counsel for Defendants* |
| Steven.fraser.esq@gmail.com | |
| *Counsel for Plaintiff* | |