## SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASE

TRITON SUPERMARKET #II CORP., including all of its officers, directors, representatives, shareholders, owners, agents, employees, successors and assigns, DOMINGO COCA, including his heirs, representatives, attorneys, successors, and assigns, (hereinafter collectively referred to as "Defendants") and OTILIO APOLINARIO, including his heirs, representatives, attorneys, successors, and assigns, (hereinafter referred to as "Plaintiff"), for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1. **Mutual General Release.** In consideration for the promises contained in this Settlement Agreement and General Release (the "Agreement"), the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, or causes of action which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of his employment with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under Title VII of the 1964 Civil Rights Act; the Civil Rights Act of 1991; the Older Workers Benefit Protection Act; the Equal Pay Act; the Fair Labor Standards Act ("FLSA"); the Employee Retirement Income Security Act (ERISA); the Americans with Disabilities Act of 1990; the Rehabilitation Act of 1973; the Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986; the Occupational Safety and Health Act; Chapter 760, Florida Statutes; the Florida Private Whistle-blower's Act of 1991; Chapter 11A of the Miami-Dade County Code; and any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof. This Release includes all claims which were, or could have been, asserted in the lawsuit styled <u>OTILIO APOLINARIO V. TRITON SUPERMARKET #II CORP., AND DOMINGO COCA,</u> Case No.: 14-23218-CIV-COOKE/TORRES pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation").

2. **Settlement Amount and Attorney's Fees.** In consideration of the promises of Plaintiff as set forth herein, the Parties agree to settle Plaintiff's claims and Defendants' shal pay, jointly and severally, the total sum of Fifteen Thousand Dollars and no Cents ($15,000.00) which shall be issued in one gross check to the J.H. Zidell P.A. Client Trust Account and delivered to J.H. Zidell P.A., 300 71st Street, Unit 605, Miami Beach, FL 33141, no later than ten (10) days from Court Approval.

The Settlement Funds shall be paid by Defendants, jointly and severally, and shall be disbursed by Plaintiff's Counsel, J.H. Zidell, P.A., as follows:

____ Otilio Apolinaro                                   _DC_ Triton Supermarket #II Corp. _DC_ Domingo Coca



      i. Plaintiff shall receive Eight Thousand Four Hundred and Eighty Dollars and No Cents ($8,480.00) as wages and liquidated damages.

      ii. Plaintiff's counsel shall receive Six Thousand Dollars and No Cents ($6,000.00) as fees and Five Hundred and Twenty Dollars and No Cents ($520.00) as costs incurred in this litigation.

      **3.**    **Default Provision**: Should Defendants fail to make payments of the settlement funds pursuant to paragraph 2 of this agreement, or should any of the checks be returned for non-sufficient funds of any other reasons, Plaintiff's counsel shall give written notice via Email to Raul Gastesi, Jr., Esq., at rgastesi@gastesi.com, and Lorenzo Cobiella, Esq., at lcobiella@cobiellalaw.com. In the event Defendants fail to cure said breach within 3 days, a final default judgment shall be entered against all Defendants, jointly and severally, in the amount of Twenty Thousand Dollars and no Cents ($20,000.00), less any payments received by Plaintiff's counsel. In the event of a breach, Plaintiff shall be entitled to any fees and costs incurred fpr reasonable attorneys' fees and costs for collection.

      **4.**    **Mediation:** Defendants agree to pay Plaintiff's portion of the mediation fee for the mediation that occurred on March 6, 2015.

      **5.**    **Motion for Approval:** Pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982), Defendants shall file a Joint Motion for Approval and Proposed Order Dismissing this case with prejudice no later than March 11, 2015.

      **6.**    **Indemnification**. Plaintiff acknowledges and agrees that it shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions. Plaintiff shall indemnify and hold harmless Defendants, their directors, officers, subsidiaries and affiliates from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Defendants by any person or entity relating, directly or indirectly, to the monies received by Plaintiff hereunder, including, without limitation, Plaintiff, the IRS, or any other person.

      **7.**    **Attorneys Not Tax Experts**: The Parties acknowledge that any attorney involved in this agreement does not claim to be an expert in tax matters. Each Party states that he/she/it has consulted or has had the opportunity to consult with a tax professional to fully evaluate the tax implications and consequences of this Agreement.

      **8.**    **No Re-Hire**: Plaintiff hereby agrees and recognizes: (a) that Plaintiff's employment with Defendants has ended and Plaintiff will not apply for or otherwise seek employment with Defendants or their divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners and successors; and (b) that Defendants have no obligation to employ, hire, reinstate or otherwise engage Plaintiff in the future. Plaintiff further agrees and recognizes that if Plaintiff applies and/or is hired by Defendants or its affiliated entities in the future, this Agreement is sufficient and appropriate legal grounds for denying employment and/or terminating Plaintiff's employment regardless of whether the entity is specifically

__ Otilio Apolinaro                                      _DC_ Triton Supermarket #II Corp. _DC_ Domingo Coca

mentioned herein. The Parties further agree that any future acts by Defendants in denying Plaintiff employment, shall not be construed as retaliation pursuant to 29 U.S.C. 215(a)(3).

9. **Non-Admission Clause.** By entering into this Agreement, the Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA, and expressly deny any and all such liability.

10. **Non Disparaging Remarks**. Plaintiff agrees that he will not disparage Defendants, by written or oral word, gesture, or any other means, nor will he make any disparaging or negative comments about Defendants, to any person or entity. In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendants will only provide dates of employment, and/or positions held, and/or rates of pay and will not make any reference to this lawsuit or Plaintiff's claim for overtime wages.

11. **Neutral Reference:** In the event that a prospective employer requests an employment reference for Plaintiff, the Parties agree that Defendants will only provide dates of employment and/or position held.

12. **Jurisdiction.** The parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida, and where applicable, federal law. If the district court chooses not to retain jurisdiction, then this Agreement shall be enforceable in the appropriate court in Miami-Dade County, Florida.

13. **Agreement Not to Be Used as Evidence**. Neither this Agreement, nor any act performed or document executed pursuant to or in furtherance of this Agreement may be deemed to be, or may be used as, an admission of, or evidence of the validity of any released claim, or of any wrongdoing in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce this Agreement. Defendants, however, may file this Agreement in any action that may be brought against it in order to support a defense or counterclaim based on principals of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

15. **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

16. **Enforcement**. In the event any action is commenced to enforce said settlement agreement, the prevailing party shall be entitled to reasonable fees and costs.

___ Otilio Apolinaro                            *DC* Triton Supermarket #II Corp.  *DC* Domingo Coca

17. **Voluntariness.** Plaintiff certifies that Plaintiff has fully read, negotiated, and completely understands the provisions of this Agreement, that Plaintiff has been advised by Defendants to consult with an attorney before signing the Agreement, and that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence.

18. **Counterparts:** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

19. **Construction:** Plaintiff and Defendants have jointly participated in the negotiation of this Agreement. In the event of an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if it was drafted jointly by the Parties and no presumption or burdens of proof shall arise favoring any party by virtue of authorship of this Agreement.

20. **Translation:** By signing this agreement, Plaintiff certifies that this agreement has been translated for him and that he fully understands the terms of this agreement. AL FIRMAR ESTE ACUERDO, DEMANDANTE CERTIFICA QUE ESTE ACUERDO HA SIDO TRADUCIDO POR EL Y EL QUE ENTIENDE COMPLETAMENTE LOS TERMINOS DE ESTE ACUERDO.

OTILIO APOLINARIO

By: _Otilio Apolinario_
        OTILIO APOLINARIO

Date: 3-6-15

TRITON SUPERMARKET #II CORP., CORP.

By: _Domingo Coca_

Name: Domingo Coca

Title: Agent

Date: 3/6/15

DOMINGO COCA

By: _Domingo Coca_
        DOMINGO COCA

Date: 3/6/15

4 of 4

_AO_ Otilio Apolinaro                    DC Triton Supermarket #II Corp.  DC Domingo Coca